**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

CHRISTOPHER GILMORE,

      Petitioner,

      v.                                   CASE NO.  23-3201-JWL

SEDGWICK COUNTY SHERIFF'S
DEPARTMENT, et al.,

      Respondents.

## MEMORANDUM AND ORDER TO SHOW CAUSE

Petitioner, a pretrial detainee at the Sedgwick County Jail in Wichita, Kansas ("SCJ"), filed this action pro se.  Petitioner asserts that he is bringing this action as a "Petition for Writ of Habeas Corpus 28 U.S.C. 1455 and Petition for Emergency Removal Proceedings."  (Doc. 1, at 1.)   The Court has screened the Petition (Doc. 1) under Rule 4 of the Rules Governing Habeas Corpus Cases, foll. 28 U.S.C. § 2254, and directs Petitioner to show good cause, in writing, why this matter should not be dismissed under the abstention doctrines set forth in *Younger v. Harris*, 401 U.S. 37 (1971), and *Ex Parte Royall*, 117 U.S. 241 (1886).

### I.  Allegations in the Petition

Petitioner alleges that he is an "illegally committed patient" that is being illegally detained at the SCJ awaiting transfer to Larned State Hospital.  He claims that as a result of the "in custody arrangement" between Larned State Hospital and the Sedgwick County Sheriff's Department, and due to his committed patient status, he "is entitled to the benefits, and conditions of confinement, and program services afforded similarly situated patients/individuals."  (Doc. 1, at 1–2.)

Petitioner challenges his state competency proceedings and claims the competency evaluation was requested by his attorney "in bad faith after indicating he was withdraw[ing] from the [Petitioner's] cases." *Id*. at 2. Petitioner alleges that LMSW Krista Johnson of ComCare., opined that Petitioner was unable to make or assist in making a defense pursuant to K.S.C. § 22-3302, et seq. *Id*. at 3. Petitioner alleges that due to a documented TBI injury dating back to 2013 at ComCare, Johnson stated that "she was unable to render an opinion due to lack of training or expertise regarding TBI Injuries," and she "then goes on to recommend placement at Larned, which substantially lacks facilities or staff experienced with TBI Injuries." *Id*. Petitioner claims that his attorney signed the Petition for Commitment even though he had withdrawn from representing Petitioner. *Id*.

Petitioner claims that his attempts to receive habeas relief in state court have been unsuccessful and he was not allowed to develop the record in violation of his due process rights. *Id*. at 4. Petitioner claims his attorney was ineffective, Judge Kaufman allowed the Sixth Amendment violation, and his appeals were denied due to a lack of copies and transcripts. *Id*. at 7–8.

Petitioner claims that he was held in a cell at the SCJ for six days without a working toilet. *Id*. at 4–5. Petitioner also claims he was denied a breathing treatment on November 14, 2022, and was forcibly escorted back to his cell. *Id*. at 5. He claims he was again denied a breathing treatment by Nurse Anna on December 2, 2022, and was then assaulted by Neph. *Id*. at 5–6. Petitioner also claims he was denied drinking water for ten days in January 2023. *Id*. at 9. He also claims he was denied access to the Mobile Competency Program at the SCJ as retaliation for filing multiple claims and causes of action. *Id*. at 9. Petitioner claims that from July 1, 2022, to August 16, 2023, he is being denied: "1. High Performance Nutrition Program;

2. Free Phone Calls and Internet access; 3. Free Medical Care & Prosthesis Care; 4. Access to a 2nd Evaluation; 5. Access to a TBI Injury Evaluation; 6. Access to Christian Healing Practitioner; [and] 7. Access to Health and Human Services and General Assistance/SSI Benefits or the Staff to establish benefits." *Id*. at 10.

Petitioner claims that the state court "is using the State Incompetency Procedures, and the process of Civil Commitment to keep this petitioner in custody without due process in bad faith." *Id*. at 14.  Petitioner claims that TBI injuries cannot be addressed by Kansas State Hospitals.  *Id*. at 15.  Petitioner claims that issuing a writ of habeas corpus and removal would stop or prevent his transfer to Larned State Hospital and then cause his criminal cases to be expedited.  *Id*.

Petitioner seeks to have this Court "[r]emove all active cases that are causing the ongoing detention, commitment, and deliberate obstruction of Meaningful Access to a Court of Law and Due Process."  *Id*. at 17.  Petitioner also seeks a stay of his transfer and commitment to any state hospital pending an examination and report by an independent examiner.  *Id*.

**II.  Removal**

To the extent Petitioner is seeking to remove a case to this Court, he has not filed a proper notice of removal.  The procedure for removal of criminal prosecutions is set forth in 28 U.S.C. § 1455, and provides that:

> A defendant or defendants desiring to remove any criminal prosecution from a State court shall file in the district court of the United States . . . a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1455(a).

Petitioner's pleading does not contain a short and plain statement of the grounds for removal, nor does it include a copy of the state court pleadings.  He also fails to state the case number of the case he is seeking to remove to federal court.

## III.  Conditions of Confinement

Petitioner makes multiple challenges to his conditions of confinement, including a broken toilet, lack of drinking water, lack of access to benefits and program services, denial of proper medical care, excessive force, denial of a nutrition program, denial of free phone calls and internet access, and denial of access to a religious practitioner.  Petitioner's challenges to his conditions of confinement must be brought pursuant to 42 U.S.C. § 1983.  "In this circuit, a prisoner who challenges the fact or duration of his confinement and seeks immediate release or a shortened period of confinement, must do so through an application for habeas corpus. In contrast, a prisoner who challenges the conditions of his confinement must do so through a civil rights action." *Palma–Salazar v. Davis,* 677 F.3d 1031, 1035 (10th Cir.2012) (citation omitted).

Petitioner's conditions of confinement claims are denied as not properly brought in a habeas action.  To the extent Petitioner seeks to raise these claims, he must do so on a form for filing a complaint pursuant to 42 U.S.C. § 1983.  The Court will direct the Clerk provide Petitioner with § 1983 forms and instructions.  However, the Court notes that Petitioner has previously filed a case based on the December 2, 2022 alleged denial of a breathing treatment and alleged excessive force by Neph.  *See Gilmore v. Vital Core*, Case No. 23-3113-JWL.  The Court dismissed that case for failure to state a claim and it is currently pending on appeal before the Tenth Circuit Court of Appeals.  *See Gilmore v. Vital Core*, Case No. 23-3135 (10th Cir.).

## IV.  Habeas Relief

The United States district courts are authorized to grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  Habeas Corpus Rule 4 requires the Court to undertake a preliminary review of the petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . the judge must dismiss the petition."  Habeas Corpus Rule 4.

Petitioner challenges his state criminal proceedings and his commitment order under K.S.A. § 22-3303.  Petitioner raised similar claims in his previous § 2241 habeas action.  *See Gilmore v. Board of Cnty. Comm'rs*, Case No. 22-3230-JWL-JPO.  Petitioner acknowledges in his current Petition that this Court refused to intervene in Case No. 22-3230-JWL, "by stating the state courts provide petitioner [sic] opportunity to present challenges."  (Doc. 1, at 13.)

The United States Supreme Court has long held that federal courts generally should not exercise their power to discharge a person being detained by a state for trial on a state crime, even where the person alleges that the detention is unconstitutional. *Ex Parte Royall*, 117 U.S. 241 (1886).  In 1886, the United States Supreme Court described some very limited circumstances in which such intervention might be proper, such as when the individual is in custody for an allegedly criminal act done as required by federal law or federal court order, when the individual is a citizen of a foreign country and is in state custody for an allegedly criminal act done under the authority of that foreign country, when the matter is urgent and involves the United States' relations with foreign nations, or when there is some reason why the state court may not resolve the constitutional question in the first instance.  *Id.* at 251–52.  Otherwise, federal courts must abstain from interfering with the process of state courts.  *Id.* at 252 (stating that federal courts' non-interference with state courts "is a principle of right and law, and

therefore of necessity").

Nearly a century later, the United States Supreme Court reaffirmed that principles of comity dictate that generally a federal court is not to intervene in ongoing state criminal proceedings unless "irreparable injury" is "both great and immediate." *See Younger v. Harris*, 401 U.S. 37, 46 (1971) (citation omitted). Under *Younger*, federal courts must abstain when "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997) (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

If the three circumstances are present, federal abstention is mandatory, unless extraordinary circumstances require otherwise. *Brown ex rel. Brown v. Day*, 555 F.3d 882, 888 (10th Cir. 2009) (quoting *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999)). Two varieties of "extraordinary circumstances" exist: "(1) where the plaintiff makes a showing of bad faith or harassment by state officials responsible for the prosecution or enforcement action and (2) where the state law or regulation to be applied is flagrantly and patently violative of express constitutional prohibitions." *Id.* at n.4 (citations and internal quotations omitted). However, a petitioner has a "heavy burden" to overcome *Younger* abstention by setting forth "more than mere allegations of bad faith or harassment." *Amanatullah*, 187 F.3d at 1165 (citation omitted).

Although "*Younger* and *Ex Parte Royall* are related doctrines" the Tenth Circuit has stated that *Younger* "addressed a federal court's equitable power to issue an injunction enjoining state proceedings" while *Ex Parte Royall* "involved a request for habeas relief." *Kirk v. Oklahoma*, 2021 WL 5111985, at *2 (10th Cir. Nov. 3, 2021) (unpublished). In finding that *Ex*

*Parte Royall* provided "more specific authority for the dismissal," the Tenth Circuit held that:

> In *Ex Parte Royall*, the Supreme Court held that federal courts have habeas corpus jurisdiction to discharge a state-court pretrial detainee from custody on the basis that his detention violates the constitution. But the Court further concluded that a federal court should not exercise its discretion to exert that power except in very limited circumstances and should instead allow the state court to pass upon constitutional questions in the first instance. Acknowledging exceptions to this rule, the Court pointed to 'cases of urgency[ ] involving the authority and operations of the [federal] government [or] the obligations of this country or its relations with foreign nations.' The Supreme Court has also sanctioned federal habeas relief in a pretrial case where, rather than seeking to litigate a federal defense to a criminal charge, the habeas applicant sought to compel the state to bring him to trial. '[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts.' *Id.*

*Kirk*, 2021 WL 5111985, at *2 (internal citations omitted).  The Tenth Circuit concluded that the district court did not err by abstaining from interfering in petitioner's state-court criminal proceedings because "[h]is is not a 'case[ ] of urgency' involving the imposition of state custody for commission of an act done in pursuance of federal law or under the authority of a foreign state . . . [n]or is he seeking to compel the state to bring him to trial." *Id.*

The instant Petition does not allege the type of circumstances under which *Ex Parte Royall* allows federal-court intervention.  Moreover, the three conditions in *Younger* appear to be satisfied with respect to Petitioner's current criminal prosecution in the District Court of Sedgwick County, Kansas.  The criminal case against Petitioner is ongoing; the State of Kansas has an important interest in prosecuting crimes charging the violation of Kansas laws; and the state courts provide Petitioner the opportunity to present his challenges, including any federal constitutional claims, whether in the district court or, if necessary, on appeal or in further proceedings.

Petitioner was advised in Case No. 22-3230 that his state criminal proceeding is an adequate forum to hear his claims.   In *Hodson v. Reams*, the petitioner argued that the rescheduling of his competency hearing was done in bad faith, that the judge was acting in bad faith because he barred all *pro se* motions filed by petitioner, that his counsel acted wantonly and recklessly, that he was unable to exhaust his administrative remedies because he is barred by the state district court from filing *pro se* motions, and that the public defender violated his due process rights by failing to request competency from the date of the offense. *Hodson v. Reams*, Civil Action No. 17-cv-00379-GPG, 2017 WL 6550694, at *1 (D. Colo. June 20, 2017), *denying cert. of appealability* 729 F. App'x 661 (10th Cir. 2018). The court found that petitioner failed to establish that the state criminal proceeding was an inadequate forum to hear his claims, and that the State has an important interest in the administration of its criminal code, as well as the state competency procedures set forth in the state statutes. *Id*. at *2.

"To establish extraordinary or special circumstances and overcome abstention, [a petitioner] must be facing an irreparable injury that is both great and immediate." *Hodson v. Reams*, 2017 WL 6550694, at *3 (D. Colo. June 20, 2017), *denying cert. of appealability* 729 F. App'x 661 (10th Cir. 2018) (citing *Younger*, 401 U.S. at 46).   "The exceptions to *Younger* provide only for a 'very narrow gate for federal intervention.'" *Id*. (citing *Phelps v. Hamilton*, 59 F.3d 1058, 1064 (10th Cir. 1997)).   A petitioner "may overcome the presumption of abstention 'in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown.'" *Id*. (citations omitted).

The Court finds, as it did in Case No. 22-3230, that Petitioner fails to assert a basis for finding extraordinary or special circumstances. "[T]he state incompetency procedures are

designed to protect a criminal defendant's federal due process rights." *Id*. (citation omitted). "[A]bsent a showing of bad faith, the extraordinary circumstances would not be demonstrated even if [a petitioner] has been adjudged incompetent incorrectly under state statutory procedures." *Id*. at *4 (citing *Younger*, 401 U.S. at 46–47).

Thus, it appears that *Ex Parte Royall* and *Younger* require this Court to decline to interfere in the ongoing state court proceedings in the District Court of Sedgwick County, Kansas. Petitioner is therefore directed to show good cause, in writing to the undersigned, why this matter should not be summarily dismissed without prejudice under *Ex Parte Royall* and *Younger*. The failure to file a timely response will result in this matter being dismissed without further prior notice to Petitioner.

## V.  Filing Fee

Petitioner has not paid the filing fee or filed a motion for leave to proceed in forma pauperis. Instead, he asks the Court to refer to his motion filed in Case No. 23-3113-JWL. (Doc. 1, at 18.) The Court will provisionally grant petitioner leave to proceed in forma pauperis. To proceed, however, Petitioner must either pay the filing fee or file a motion for leave to proceed in forma pauperis by September 28, 2023.

**IT IS THEREFORE ORDERED BY THE COURT** that the Court **provisionally grants** Petitioner leave to proceed in forma pauperis. Petitioner must either pay the filing fee or file a motion for leave to proceed in forma pauperis by **September 28, 2023**.

**IT IS FURTHER ORDERED** that Petitioner is granted until **September 28, 2023,** in which to show good cause, in writing to the undersigned, why the Petition should not be dismissed without prejudice for the reasons stated herein.

The Clerk is directed to send § 1983 forms and instructions to Petitioner.

**IT IS SO ORDERED**.

**Dated August 30, 2023, in Kansas City, Kansas.**

> **S/   John W. Lungstrum**
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**