IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTOPHER GILMORE,

    **Petitioner,**

    v.                                                                                                 CASE NO. 23-3201-JWL

SEDGWICK COUNTY SHERIFF'S
DEPARTMENT, et al.,

    **Respondents.**

## MEMORANDUM AND ORDER

Petitioner, a pretrial detainee at the Sedgwick County Jail in Wichita, Kansas ("SCJ"), filed this action pro se.[1] Petitioner asserts that he is bringing this action as a "Petition for Writ of Habeas Corpus 28 U.S.C. 1455 and Petition for Emergency Removal Proceedings." (Doc. 1, at 1.) The Court screened the Petition (Doc. 1) under Rule 4 of the Rules Governing Habeas Corpus Cases, foll. 28 U.S.C. § 2254, and entered a Memorandum and Order to Show Cause (Doc. 2) ("MOSC") ordering Petitioner to show good cause, in writing, why this matter should not be dismissed under the abstention doctrines set forth in *Younger v. Harris*, 401 U.S. 37 (1971), and *Ex Parte Royall*, 117 U.S. 241 (1886). Petitioner has filed a response (Doc. 3) and a Motion for Imposition of Financial Sanctions (Doc. 4).

Petitioner's allegations are set forth in detail in the Court's MOSC. The Court found in the MOSC that to the extent Petitioner is seeking to remove a case to this Court, he has not filed a proper notice of removal. The Court found that Petitioner's pleading does not contain a short and plain statement of the grounds for removal, it does not include a copy of the state court

---

[1] Petitioner is now housed at the Larned State Hospital. (Doc. 5.)

1

pleadings, and Petitioner fails to state the case number of the case he is seeking to remove to federal court.

The Court also found that Petitioner makes multiple challenges to his conditions of confinement, including a broken toilet, lack of drinking water, lack of access to benefits and program services, denial of proper medical care, excessive force, denial of a nutrition program, denial of free phone calls and internet access, and denial of access to a religious practitioner. Petitioner's challenges to his conditions of confinement must be brought pursuant to 42 U.S.C. § 1983. "In this circuit, a prisoner who challenges the fact or duration of his confinement and seeks immediate release or a shortened period of confinement, must do so through an application for habeas corpus. In contrast, a prisoner who challenges the conditions of his confinement must do so through a civil rights action." *Palma–Salazar v. Davis,* 677 F.3d 1031, 1035 (10th Cir.2012) (citation omitted). Petitioner's conditions of confinement claims are denied as not properly brought in a habeas action.

Petitioner challenges his state criminal proceedings and his commitment order under K.S.A. § 22-3303. Petitioner raised similar claims in his previous § 2241 habeas action. *See Gilmore v. Board of Cnty. Comm'rs*, Case No. 22-3230-JWL-JPO. Petitioner acknowledges in his current Petition that this Court refused to intervene in Case No. 22-3230-JWL, "by stating the state courts provide petitioner [sic] opportunity to present challenges." (Doc. 1, at 13.)

The Court found in the MOSC, as it did in Case No. 22-3230, that Petitioner fails to assert a basis for finding extraordinary or special circumstances warranting an exception to the abstention doctrines. "[T]he state incompetency procedures are designed to protect a criminal defendant's federal due process rights." *Hodson v. Reams*, 2017 WL 6550694, at *3 (D. Colo. June 20, 2017) (citation omitted). "[A]bsent a showing of bad faith, the extraordinary

circumstances would not be demonstrated even if [a petitioner] has been adjudged incompetent incorrectly under state statutory procedures." *Id*. at *4 (citing *Younger*, 401 U.S. at 46–47).

In response to the MOSC, Petitioner has filed a "Notice of Removal of Criminal Cases Pursuant to 28 U.S.C. § 1455" (Doc. 3.)  Petitioner's notice of removal does not address the deficiencies noted in the MOSC.  As this Court found in the MOSC, the procedure for removal of criminal prosecutions is set forth in 28 U.S.C. § 1455, and provides that:

> A defendant or defendants desiring to remove any criminal prosecution from a State court shall file in the district court of the United States . . . a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1455(a).  Furthermore, "[a] notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier." 28 U.S.C. § 1455(b)(1).  Petitioner attaches his docket for Case No. 2019-CR-1841, which shows that he was arraigned in 2020.  (Doc. 3, at 11.)  He also attaches his docket for Case No. 2022-CR-190, which shows that he was arraigned in 2022.  *Id*. at 17.  Therefore, any attempt to remove these criminal cases would be untimely and Petitioner has not shown good cause warranting an order granting leave to file the notice at a later time.  *See* 28 U.S.C. § 1455(b)(1).

Petitioner has not filed a proper notice of removal, and his notice fails to properly respond to the Court's MOSC.  Nothing in the response shows good cause why the Petition should not be dismissed for the reasons set forth in the MOSC.  Petitioner has failed to show good cause why this matter should not be summarily dismissed without prejudice under *Ex Parte*

*Royall* and *Younger*. Petitioner has also failed to either pay the filing fee or file a motion for leave to proceed in forma pauperis by the Court's September 28, 2023 deadline.

Petitioner has filed a Motion Requesting Imposition of Financial Sanctions in several of his cases. His motion seeks to excuse him from paying filing fees based on "the absolute bad faith acts by Sedgwick County Adult Detention Center on multiple occasions." (Doc. 4, at 1.) Petitioner then sets forth the facility's collection of funds for payment on other cases filed by Petitioner. Petitioner then asks this Court to award him monetary sanctions. *Id*. at 6. Nothing in Petitioner's motion excuses his failure to either file a motion for leave to proceed in forma pauperis or to pay the $5 filing fee in this case. The motion seeks relief based on allegations regarding Petitioner's other cases. This case is being dismissed and the motion is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner's Motion Requesting Imposition of Financial Sanctions (Doc. 4) is **denied.**

**IT IS FURTHER ORDERED** that the Petition is **dismissed without prejudice**.

**IT IS SO ORDERED**.

**Dated September 29, 2023, in Kansas City, Kansas.**

<u>S/  John W. Lungstrum</u>
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE