**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**CHRISTOPHER GILMORE,**

**Petitioner,**

**v.** **CASE NO. 23-3201-JWL**

**SEDGWICK COUNTY SHERIFF'S DEPARTMENT, et al.,**

**Respondents.**

**MEMORANDUM AND ORDER**

Petitioner, a pretrial detainee at the Sedgwick County Jail in Wichita, Kansas ("SCJ"), filed this action pro se.[1] On September 29, 2023, the Court entered a Memorandum and Order (Doc. 6) ("M&O") dismissing the petition without prejudice. This matter is before the Court on Petitioner's Motion for Emergency Injunctive Relief/Order (Doc. 8).

The Court screened the Petition (Doc. 1) under Rule 4 of the Rules Governing Habeas Corpus Cases, foll. 28 U.S.C. § 2254, and entered a Memorandum and Order to Show Cause (Doc. 2) ("MOSC") ordering Petitioner to show good cause, in writing, why this matter should not be dismissed under the abstention doctrines set forth in *Younger v. Harris*, 401 U.S. 37 (1971), and *Ex Parte Royall*, 117 U.S. 241 (1886). The Court found in the MOSC that to the extent Petitioner is seeking to remove a case to this Court, he has not filed a proper notice of removal. The Court also found that Petitioner makes multiple challenges to his conditions of confinement, including a broken toilet, lack of drinking water, lack of access to benefits and program services, denial of proper medical care, excessive force, denial of a nutrition program, denial of free phone calls and internet access, and denial of access to a religious practitioner.

[1] Petitioner is now housed at the Larned State Hospital. (Doc. 5.)

The Court found that Petitioner's challenges to his conditions of confinement must be brought pursuant to 42 U.S.C. § 1983.

The Court found in the M&O that Petitioner failed to show good cause why this matter should not be summarily dismissed without prejudice under *Ex Parte Royall* and *Younger*. Petitioner also failed to either pay the filing fee or file a motion for leave to proceed in forma pauperis by the Court's September 28, 2023 deadline.

Petitioner has now filed a Motion for Emergency Injunctive Relief/Order, noting that he has been transferred to Larned State Hospital, and asking the Court to enjoin the Sedgwick County Sheriff's Department from shipping or destroying his personal property and legal papers that are currently stored at the SCJ. (Doc. 8, at 1.) Petitioner alleges that he was transferred to Larned on September 19, 2023, and was told that his property would be thrown away if someone did not pick it up within 30 days. *Id.* Petitioner alleges that other detainees are allowed to store their property at the SCJ until they return. *Id.* at 2. He argues that he will be back at the SCJ in approximately 90 days—after his commitment at Larned concludes. *Id.* Petitioner argues that his legal documents pertain to his state and federal cases. *Id.* Petitioner asks the Court to order the Sedgwick County Sheriff's Department to store his property until he returns to the SCJ. *Id.* at 3.

To obtain a preliminary injunction, the moving party must demonstrate four things: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of the equities tip in the movant's favor; and (4) that the injunction is in the public interest. *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010). "[A] showing of probable irreparable harm is the single most important prerequisite

for the issuance of a preliminary injunction." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.,* 356 F.3d 1256, 1260 (10th Cir. 2004).

Petitioner's allegations do not establish that injury is certain and not theoretical, or more than merely feared as liable to occur in the future. He has not indicated why he is unable to find someone to pick up his property within the 30-day deadline. "To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Heideman v. S. Salt Lake City,* 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks omitted). A preliminary injunction is only appropriate "to prevent existing or presently threatening injuries. One will not be granted against something merely feared as liable to occur at some indefinite time in the future." *State of Connecticut v. Commonwealth of Massachusetts,* 282 U.S. 660, 674 (1931).

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A preliminary injunction is appropriate only when the movant's right to relief is clear and unequivocal. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). Moreover, a federal court considering a motion for preliminary injunctive relief affecting the conditions of a prisoner's confinement must give "substantial weight to any adverse impact on public safety" and on prison operation. 18 U.S.C. § 3626(a)(2). Finally, a mandatory preliminary injunction, such as the one sought by Petitioner, which requires the non-moving party to take affirmative action, is disfavored and therefore requires the moving party to make a heightened showing of the four factors above. *Little*, 607 F.3d at 1251. Because preliminary injunctions and TRO's are drastic remedies—"the exception rather than the rule—plaintiffs must show that they are clearly and unequivocally entitled to relief." *Adrian v. Westar Energy, Inc.*, No. 11-1265-KHV, 2011 WL 6026148, at *3 (D. Kan. 2011) (citations omitted).

The movant must also establish a relationship between the injury claimed in their motion and the conduct alleged in the complaint. *Little*, 607 F.3d at 1251 (citation omitted); *see also Hicks v. Jones*, 332 F. App'x 505, 507–08 (10th Cir. 2009) (affirming denial of injunctive relief where movant sought relief on "a matter lying wholly outside the issues in [his] suit"). Petitioner's claims in this habeas action are unrelated to the injunctive relief sought.

This case was dismissed and closed on September 29, 2023. The relief Petitioner seeks has no relationship to the claims in his Petition. Deprivations of property do not deny due process as long as there is an adequate post-deprivation remedy. A due process claim will arise only if there is no such procedure or it is inadequate. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Smith v. Colorado Dept. of Corr.*, 23 F.3d 339, 340 (10th Cir. 1994) ("Fourteenth Amendment due process guarantees pertaining to property are satisfied when an adequate, state postdeprivation remedy exists for deprivations occasioned by state employees."). Kansas prisoners have an adequate state post-deprivation remedy. *See generally, Sawyer v. Green*, 316 F. App'x 715, 717, 2008 WL 2470915, at *2 (10th Cir. 2008) (finding Kansas county prisoner could seek relief in state courts to redress alleged deprivation of property). Petitioner has failed to allege that an adequate post-deprivation remedy is unavailable.

The Court finds that Petitioner has not met his burden to make a heightened showing that entry of a preliminary injunction is warranted; he has not demonstrated a likelihood of success on the merits such that his right to relief is clear and unequivocal. The motion is denied and this case remains closed.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner's Motion for Emergency Injunctive Relief/Order (Doc. 8) is **denied.** This case remains closed.


**IT IS SO ORDERED**.

**Dated October 5, 2023, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**